IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| NIGEL LAWRENCE DALBERT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 123-140 |
| ) | |
| WARDEN AARON PINEIRO,[1] ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is currently before the Court on Respondent's motion to dismiss the petition as untimely. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 8), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

**I.   BACKGROUND**

In April 2016, a jury in the Superior Court of Richmond County, Georgia, convicted Petitioner of aggravated child molestation and attempt to commit aggravated child molestation, and the trial court sentenced Petitioner to life in prison plus thirty years. (Doc. no. 1, p. 3; doc. no. 8, p. 1); Dalbert v. State, A19A1678 (Ga. Ct. App. Jan. 16, 2020). The Georgia Court of Appeals affirmed the conviction on January 16, 2020. Dalbert, A19A1678, p. 1. Petitioner did not pursue any further direct appeal proceedings.

---

[1] The Court **DIRECTS** the **CLERK** to update the spelling of Respondent's name which is consistent with Respondent's Answer and Motion to Dismiss. (Doc. nos. 7-8.)

Petitioner filed a state petition for a writ of habeas corpus in the Superior Court of Chatham County on October 19, 2020. (Doc. no. 1, p. 4; doc. no. 8, pp. 5-6, doc. no. 9-3.) Petitioner filed an amendment on December 18, 2020, (doc. no. 9-4), and the state habeas court held hearings on December 1 and 16, 2021, (doc. nos. 9-5, 9-6). After supplemental briefing, the court denied habeas relief on all twenty-four of Petitioner's grounds on July 5, 2022. (Doc. nos. 9-5, 9-6.) Petitioner filed his notice of appeal with the state habeas court on August 18, 2022. (Doc. no. 9-7; doc. no. 10, p. 1.) After obtaining an extension from the Georgia Supreme Court to file his Certificate of Probable Cause ("CPC"), the Court denied the CPC on July 5, 2023, due to Petitioner's failure to timely file a notice of appeal in the habeas court as required by O.C.G.A. § 9-14-52. (Doc. no. 1, p. 4; doc. no. 8, p. 6; doc. nos. 9-7, 9-8, 9-9, 9-10, 9-11); Dalbert v. Benton, S23H0216 (Ga. July 5, 2023).

Petitioner executed the instant federal habeas corpus petition on September 6, 2023, (doc. no. 1, p. 8), and he raises twenty grounds for relief based on various allegations of ineffective assistance of trial and appellate counsel, insufficiency of evidence, trial court errors regarding the admissibility of certain evidence and abuse of discretion, malicious prosecution, and judicial error on behalf of the state habeas court. (See generally id.) Petitioner asserts he previously raised some of these issues in his state court proceedings but does not identify which ones. (Id. at 4, 6-7.)

Respondent moves to dismiss the federal petition as time-barred under 28 U.S.C. § 2244(d). (See doc. nos. 7-9.) Petitioner responded in opposition to the motion, contending his untimeliness should generally be excused because of COVID-19 restrictions in prison at that time and mail delay. (Doc. no. 10, pp. 2-3.) Moreover, Petitioner contends his Notice of Appeal was timely filed with the habeas court because it was dated August 18, 2022 – the "30th day to file" after receiving the July 5th order on July 19, 2022. (Id. at 1.) Thus, Petitioner

2

argues the Georgia Supreme Court must have "mistaken" his notice with the habeas court as untimely. (Id. at 3.)

## II.   DISCUSSION

### A.   The Petition Should Be Dismissed as Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court "becomes final at the 'expiration of the time for seeking such review' - when the time for pursuing direct review in this Court, or in state court, expires."); Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (interpreting Georgia habeas corpus law in accordance with Gonzalez, *supra*, to conclude judgment of conviction is final when Supreme

Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken").

Here, the Georgia Court of Appeals affirmed Petitioner's convictions on January 6, 2020. (Doc. no. 9-2); Dalbert, A19A1678. Petitioner did not move for reconsideration. Nor did he seek a writ of certiorari from the Georgia Supreme Court or United States Supreme Court. (See generally doc. nos. 1, 9.) Thus, his conviction became "final" when the thirty-day period to appeal expired on February 5, 2020. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Petitioner then had one year from the date his conviction became final to file his state or federal habeas corpus petition. Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Petitioner filed a state habeas corpus petition on October 19, 2020, (see doc. no. 9-3), thus, 257 days elapsed until he tolled the one-year statute of limitations period under § 2244(d)(2). Such filing left 108 days remaining within his one-year period.

The state habeas court denied relief on July 5, 2022, (doc. no. 9-6), and on August 24, 2022, the Georgia Supreme Court granted Petitioner an extension of time to file his CPC with the Court to on or before October 3, 2022, (doc. no. 9-9). Petitioner dated his CPC for September 22, 2022. (Doc. no. 9-10, p. 39.)

However, Plaintiff's notice of appeal in the habeas court was not timely filed, thus, the Supreme Court of Georgia dismissed his application on July 5, 2023. (Doc. no. 9-11); Chatham County Clerk of Court Web Docket, available at https://researchga.tylerhost.net/CourtRecordsSearch/#!/dashboard (follow "Quick Search"

4

hyperlink; then search for "Nigel Dalbert" open SPCV20-00906-MO, last visited January 11, 2024).[2] Indeed, Plaintiff admits his notice of appeal filed with the state habeas court was dated August 18, 2022, (doc. no. 10, p. 1), however, Plaintiff was required to file it on or before August 4, 2022.  See O.C.G.A. § 9-14-52(b); Dalbert, S23H0216.

Because Petitioner did not file a timely notice of appeal with the habeas court, Petitioner's state habeas corpus action became final on August 4, 2022, the date within which the thirty-day period to appeal after the habeas court's July 5th final order expired pursuant to O.C.G.A. § 9-14-52(b).  Moreover, because the application was not "properly filed" pursuant to § 2244(d), it had no tolling effect on the AEDPA statute of limitation.  See Wade v. Battle, 379 F.3d 1254, 1262 (11th Cir. 2004) ("[A] state post-conviction application is 'pending' under § 2244(d)(2) both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's timely filing of a petition for review at the next level."); see also Clemons v. Comm'r, Ala. Dep't Corr., 967 F.3d 1231, 1240-41 (11th Cir. 2020) (explaining post-conviction filing not made in compliance with state procedural rules does not qualify for statutory tolling under § 2244).

Regardless, Petitioner still had 108 days remaining within his one-year period of statute of limitations to timely file his federal habeas petition.  Calculating from August 4, 2022, Petitioner had until November 21, 2022, to timely file his federal petition.  However, Petitioner did not file the instant petition until September 6, 2023 – 289 days past the statute of limitations period.  (Doc. no. 1, p. 8.)  Therefore, unless the limitations period was statutorily reset or otherwise equitably tolled, Petitioner's current federal challenge is time-barred.

---

[2] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

    **B.    The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above. See 28 U.S.C. § 2244(d)(1)(B)-(D). Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred.

    **1.    Equitable Tolling Is Not Warranted**

Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd* 544 U.S. 295 (2005). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011). Vague or conclusory allegations are insufficient to satisfy Petitioner's burden to show how he acted with diligence. Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209-10 (11th Cir. 2014). As to establishing an extraordinary circumstance, Petitioner must show a causal connection between the alleged circumstance and the late filing, San Martin, 633 F.3d at 1267, and the extraordinary circumstance must be

"unavoidable even with diligence."  Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (*per curiam*).

Petitioner argues he is entitled to equitable tolling because of the COVID-19 pandemic which resulted in prison restrictions and mail delay.  (See generally doc. no. 10.)  Petitioner, however, provides no factual or legal support for his arguments.  Petitioner admits he was nevertheless able to find and timely file all other appropriate documents for his state court proceedings.  (Id. at 2-3.)  Even if Petitioner did not receive the July 5th order from the habeas court until July 19, 2022, Petitioner still had sixteen days to timely file his notice of appeal with the habeas court.  Petitioner asserts the deadline to file the notice of appeal was tolled from the date the state habeas court entered its order on July 5th until the date he received the order on July 19th, but that is incorrect.  (Doc. no. 1, p. 1); see O.C.G.A. § 9-14-52(b) ("If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the *entry* of the order denying him relief.") (emphasis added); Wade, 379 F.3d at 1263.

Furthermore, the Eleventh Circuit has concluded that COVID-19 did not constitute an "extraordinary circumstance" because all prisoners "attempting to access legal resources . . . were subject to COVID-19 protocols."  Rush v. Sec'y, Fla. Dep't of Corr., No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021); see Gainey v. Sec'y, Dep't of Corr., No. 22-10650-A, 2022 WL 1786543, at *1 (11th Cir. May 20, 2022) (denying COA to appeal dismissal of § 2254 petition as time-barred and explaining, among other things, "Although Mr. Gainey asserted that the delay in filing was due to restricted access to the law library because of the COVID-19 pandemic, he failed to show how restricted access impacted his filing, which copied his prior state court filings."); Powell v. United States, No. 21-12432-J, 2022 WL 2811987, *1 (11th Cir. Feb. 8, 2022) ("Under this Court's precedent, lockdowns and similar

7

limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling.").

District courts within the Eleventh Circuit have also declined to apply equitable tolling based on prison lockdowns due to the COVID-19 pandemic. See, e.g., Phillips v. United States, No. 8:20cv1862-T-17AAS, 2021 WL 679259, at *6, n.7 (M.D. Fla. Feb. 22, 2021); Flagg v. Jones, No. 1:22cv265-WHA/SMD, 2022 WL 4371482, at *1 (M.D. Ala. Sept. 21, 2022); Moreno v. United States, No. 1:17-CR-0446-TCB-RGV-1, 2020 WL 7091088, at *2 (N.D. Ga. Sept. 18, 2020) *adopted by* 2020 WL 5939887 (N.D. Ga. Oct. 7, 2020). Likewise, "courts in this District have uniformly rejected equitable tolling based on COVID-19 restrictions." Hamilton v. Inch, No. 3:20cv5967-LC/HTC, 2021 WL 4254941, at *3 (N.D. Fla. June 23, 2021); see, e.g., Gordon v. United States, 2021 WL 6512114, at *3 (S.D. Ga. Dec. 20, 2021), *adopted by* 2022 WL 163629 (S.D. Ga. Jan. 18, 2022) ("[D]elays due to COVID-19 are not extraordinary circumstances for the purposes of equitable tolling."); Gainey v. Sec'y, Dep't of Corr., No. 3:21cv736-LC/MJF, 2022 WL 447579, at *4 (N.D. Fla. Jan. 27, 2022) *adopted by* 2022 WL 446806 (N.D. Fla. Feb. 14, 2022) ("Gainey's bare assertions of restrictions on access to the law library during the COVID-19 pandemic are unavailing.").

In sum, Petitioner has not shown extraordinary circumstances stood in his way to timely file his state appeal documents, therefore, Petitioner is not entitled to the application of equitable tolling.

### 2. The Fundamental Miscarriage of Justice Exception Does Not Apply

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier,

8

477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95.

Petitioner has not shown that a miscarriage of justice will occur if his claims are not considered. Petitioner fails to present any evidence, much less new and reliable evidence, to show he did not commit the offenses of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt. Indeed, he never claims in his petition that he did not commit the offenses of which he was convicted. Rather, his stated grounds for relief focus on alleged legal errors committed by the trial court, counsel, prosecution, and a variety of other legal phrases used intermittently with no factual basis or legal support. (See, e.g., doc. nos. 1, 10.)

In sum, Petitioner has presented no evidence to support, let alone satisfy, the high burden that no reasonable fact finder could have found him guilty of the offenses for which he was convicted. See Ray v. Mitchem, 272 F. App'x 807, 810-11 (11th Cir. 2008) (*per curiam*) (emphasizing "actual innocence means factual innocence, not mere legal insufficiency") (citing Bousley v. United States, 523 U.S. 614, 623 (1998)). Thus, the fundamental miscarriage of justice exception does not save the untimely petition from dismissal.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 8), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 11th day of January, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA